### THE STATE OF TEXAS

**THIS PROCESS WAS DELIVERED**
AT _____ O'CLOCK _____ M ___
THIS 23 DAY OF September 20 19
**CONSTABLE PRECINCT 1**
**DALLAS COUNTY, TEXAS**
BY DEPUTY: _____ #104

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WAL-MART STORES TEXAS, LLC,** who may be served with process **by serving its registered agent CT CORPORATION SYSTEM OR ANY OTHER AUTHORIZED OFFICER OR AGENT THEREIN at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of August, 2019, by Attorney at Law ,DAISY CHAPARRO, 906 N MESA ST 2ND FLOOR EL PASO TX 79902 in this case numbered **2019DCV3380** on the docket of said court, and styled:

**PEDRO BETANCOURT**
**VS.**
**WAL-MART STORES TEXAS, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Production of Documents and Things to Defendant,** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of September, 2019

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

EXHIBIT A

CITY OF ... ... ... ... ... ...
... ... ... ...
PLAINTIFF'S ORIGINAL
... ... ... ...

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Production of Documents and Things to Defendant**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____  _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____  by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

EXHIBIT A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WAL-MART STORES TEXAS, LLC,** who may be served with process **by serving its registered agent CT CORPORATION SYSTEM OR ANY OTHER AUTHORIZED OFFICER OR AGENT THEREIN at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of August, 2019, by Attorney at Law ,DAISY CHAPARRO, 906 N MESA ST 2ND FLOOR EL PASO TX 79902 in this case numbered **2019DCV3380** on the docket of said court, and styled:

**PEDRO BETANCOURT**
VS.
**WAL-MART STORES TEXAS, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Production of Documents and Things to Defendant,** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of September, 2019

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**EXHIBIT A**

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Production of Documents and Things to Defendant**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

**(SEAL)**

_____

NOTARY PUBLIC, STATE OF TEXAS

EXHIBIT A

Filed 8/29/2019 5:14 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3380

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| PEDRO BETANCOURT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV-_____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, · | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PEDRO BETANCOURT (hereinafter referred to as "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC (hereinafter referred to as "Defendant") and for a cause of action would respectfully show the Court and/or Jury as follows:

### I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II. PARTIES

Plaintiff Pedro Betancourt a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license number are 245.

Defendant Wal-Mart Stores Texas, LLC is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, C T Corporation System, or any other authorized officer or agent therein at 1999 Bryan St., Suite 900, Dallas, Texas 75201 and/or wherever they may be found.

**EXHIBIT A**

## III.   FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about December 12, 2018, in El Paso County, Texas. At such time and place, Plaintiff was inside Defendant's premises, located at 1850 N. Zaragoza Rd., El Paso, Texas 79936. It had been raining outside of Defendant's premises and as Plaintiff was entering the premises, he slipped and fell. Despite the weather conditions, there were no signs or mats out to protect invitees from slippery floors. Said occurrence caused substantial physical injuries to Plaintiff. Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## IV.   PREMISES LIABILITY

While upon Defendant's premises, Plaintiff suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which Defendant knew, or in the exercise of ordinary care, should have known existed. Defendant breached their duty of ordinary care by (1) failing to adequately warn the Plaintiff of the condition, or (2) failing to make the condition reasonably safe.

Defendant, their agents, servants, and employees negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant, their servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff. Defendant's failure and breach of duty to an invitee proximately caused Plaintiff's injuries.

**EXHIBIT A**

## V. NEGLIGENCE

Plaintiff would show that the damages and injuries he sustained were caused by the negligence of Defendant, their employees, agents and representatives. Plaintiff would also show that Defendant owed a duty to Plaintiff, that Defendant breached that duty and that such breach was a proximate cause of the injury and resulting damages to Plaintiff. On the occasion in question, Defendant, their agents, representatives, and employees were negligent in one or more of the following ways:

1. In failing to maintain the area in a reasonably safe condition;
2. In failing to warn of the condition of the area in question;
3. In failing to inspect the premises in order to discovery the dangerous condition of the area in question;
4. In failing to place mats to prevent slip and falls that could reasonably be anticipated to be necessary on the date in question;
5. In failing to correct the dangerous condition of the area in question;
6. In failing to warn invitees and licensees, including Plaintiff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the area when Defendants knew or should have known that the area in question was dangerous;
7. In failing to establish and enforce safety rule and regulations;
8. In failing to supervise employees in regular inspection and maintaining the area in question;
9. In failing to teach its employees on the maintance of the area in question;
10. Other acts of negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was/were a proximate cause of Plaintiff's injuries and damages described below.

## VI. VICARIOUS LIABILITY

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendant is liable for the damages and injuries which were caused by the negligence of Defendant, their employees, agents, and representatives of Wal-Mart Stores Texas, LLC. Defendant is liable for the acts or omissions of her contractors, subcontractors, employees and agents and any person at Wal-Mart Stores Texas, LLC in which this incident occurred over whom Defendant retained control.

EXHIBIT A

Defendant had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant to employees working on the site.

## IX. PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendant, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendant and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the negligence of Defendant, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

Plaintiff has suffered pain and suffering in the past, and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future.

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is

**EXHIBIT A**

peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex .R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs are seeking monetary relief over $200,000.00 but no more than $1,000,000.00.

## X.    PUNITIVE DAMAGES

Plaintiff is entitled to punitive damages because of Defendant's gross negligence. Defendant's acts or omissions, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference of the risks. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendant for her gross negligence and to set an example for others that such conduct will not be tolerated.

## XI.    JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

EXHIBIT A

## XII.    REQUEST FOR INITIAL DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 51 days of service of this request, the information or material described in Rule 194.2(a) through (i).

## XIII.    TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendant's discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XIV.    CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for all relief requested, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

FLORES, TAWNEY & ACOSTA P.C.

/s/ *Daisy Chaparro*

DAISY CHAPARRO
TX State Bar No.: 24088824
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
DChaparro@FTAlawfirm.com
*Attorney for Plaintiff*

EXHIBIT A

·'·El Paso County - County Court at Law 3

Filed 8/30/2019 2:26 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3380

IN THE COUNTY COURT AT LAW NUMBER THREE
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| PEDRO BETANCOURT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV-3380 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    DEFENDANT WAL-MART STORES TEXAS, LLC.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure.  If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure.  Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

1 | P a g e

*Pedro Betancourt v. Wal-Mart Stores Texas, LLC*
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WAL-MART STORES TEXAS, LLC

**EXHIBIT A**

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

/s/ *Daisy Chaparro*
**DAISY CHAPARRO**
TX State Bar No.: 24088824
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
DChaparro@FTAlawfirm.com
*Attorney for Plaintiff*

EXHIBIT A

## INTERROGATORIES

1. Describe the owners of these Defendants. Please include information on the State of Incorporation, if any, date of incorporation, address of Defendant's registered office within such state, and the address of Defendant's principal place of business.

2. Describe with particularity the relationships and agreements between any and all Defendants, and any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the premises made the subject of this suit.

3. Please describe how Plaintiff's incident happened, giving all events in detail in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

4. Please state what precautions, if any, were taken by you or any agent or employee of any Defendant, on the date of, prior to, and after the date of the Plaintiff's alleged occurrence, to prevent injuries to users and invitees of the premises from the dangerous condition posed by the premises. (The dangerous condition referred to is detailed in Plaintiff's Original Petition.)

5. Please describe in detail each action or activity of the Plaintiff from the time you or any agent or employee of any Defendant first observed the Plaintiff before, at, and subsequent to the time of the alleged occurrence.

6. Please state whether and what assistance was rendered to the Plaintiff immediately after the Plaintiff's alleged occurrence, particularly with regard to the physical condition of the Plaintiff (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of the Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of the Plaintiff's clothing (disarranged, torn, dirty or otherwise).

7. Please state the name, address and phone number or each person who was responsible for installing, maintaining, repairing, or replacing the premises for the location in question at the time of the occurrence. Include dates of employment, dates of termination of employment, if any, qualifications, job title and other pertinent employment information for said persons. If the individual was an independent contractor, please provide the name of the entity/person and their contact information.

8. Describe any condition or defect of the premises which caused Plaintiff's injuries including the full and complete details as to how or in what respect same was defective and any efforts on your part to remove same.

9. Prior to the alleged occurrence, state whether you or any agent or employee of the Defendant has any knowledge of the existence of any defect or unsafe condition on the premises where Plaintiff's alleged occurrence happened, including how you or any agent

*Alexander Nungaray v. Wal-Mart Stores Texas, Inc.*
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WAL-MART STORES TEXAS, INC.

EXHIBIT A

or employee of the Defendant acquired such knowledge and how long the condition or defect had been present prior to the alleged occurrence.

10. Describe any examination or inspection made by you or any agent or employee of yours, of the premises where the Plaintiff alleges that the occurrence happened prior to the alleged occurrence, including the date and time of the day of such examination or inspection, the identification, including the name and address of the person or persons making such examination or inspection, the complete details of what such examination or inspection consisted, the complete details of what such examination or inspection revealed or showed, and the complete details of each and every act or activity done or undertaken by you or any agent or employee of any Defendant as a result of any condition or circumstance disclosed by such examination.

11. Describe any maintenance or other work of any kind that was made to the area in connection with the alleged occurrence, including, what such maintenance consisted of, the names and addresses of the persons who made such maintenance and other work and the date and time such maintenance or other work was made.

12. Identify the persons with responsibility for maintenance of the premises at the time of the alleged occurrence, and please state fully what arrangements Defendant had for use, instruction and the maintenance of the premises at the time of the alleged occurrence.

13. Please state in detail each act or omission by each person which you contend contributed to cause the alleged occurrence.

14. Please give the substance of any and all conversations, communications, or statements made by or between the Plaintiff and you or any agent or employee of any other Defendant relative to the alleged occurrence.

15. Describe in detail any insurance covering or potentially covering any claim arising from the incident, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the accident.

16. Describe in detail any other claim within the past five years where it was claimed that a person was injured at the store where the incident occurred that is the subject matter of this suit. Include the name, address and phone number of each claimant and their attorney, the date of claim, the location at which the claim arose, your position on each claim and ultimate disposition of the claim.

17. State the name, address, phone number and qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation or preparation for trial and who is not expected to be called as a witness for trial upon whom your testifying expert or any witness reviewed or relied upon, the subject matter on which such expert is provided, the substance of the facts and opinions held by the expert and a summary of the grounds for each opinion.

**EXHIBIT A**

18. Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

    a. Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and photographs or videotapes showing the Plaintiff;

    b. State the number of photographs taken.

    c. State the date when each photograph was taken.

    d. State the name, address and phone number of person conducting any type of surveillance of Plaintiff.

19. Describe in detail any facts you know which are inconsistent with the testimony, interrogatories, or information propounded to you by the Plaintiff.

20. For each claim filed against you where it was alleged that you were negligent when an invitee was injured, describe the following:

    a. The name, address and phone number of the custodian of all incident reports, accident reports and investigative files, the circumstances concerning the injury, findings, judgment and settlements thereon.

    b. The name and address of the Plaintiff;

    c. The date of such injury or incident;

    d. Style and location of the lawsuit;

    e. Name and address of Plaintiff's attorney;

    f. Nature of Plaintiff's injuries.

    g. The basis upon which you denied responsibility.

21. State the names, addresses and phone numbers of all persons who you will call to testify and a summary of their testimony.

**EXHIBIT A**

Filed 8/30/2019 2:26 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3380

IN THE COUNTY COURT AT LAW NUMBER THREE
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| PEDRO BETANCOURT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV-3380 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

TO: DEFENDANT WAL-MART STORES TEXAS, LLC.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**FLORES, TAWNEY & ACOSTA, P.C.**
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000 -   -
Facsimile: (915)300-0283

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

**EXHIBIT A**

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3 (c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**EXHIBIT A**

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

/s/ *Daisy Chaparro*

**DAISY CHAPARRO**
TX State Bar No.: 24088824
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
DChaparro@FTAlawfirm.com
*Attorney for Plaintiff*

**EXHIBIT A**

## ITEMS TO BE PRODUCED

1. Facility video of the area of Plaintiff's injury for the date of this incident, including all footage of all cameras that may have captured Plaintiff's fall.

2. Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depictions or other tangible evidence concerning the scene of the occurrence involved in this case or the parties or witnesses to this case.

3. All investigation reports, incident reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to the notice of a claim from Plaintiff's attorney.

4. The manager's report regarding the incident.

5. The employee's report regarding this incident.

6. Any photographs and videotapes of any surveillance of Plaintiff.

7. Inspection and photographing of the area of the occurrence made the subject of this suit.

8. Any and all documents related to the layout of the premises for the previous 3 years. This request includes but is not limited to any and all product display documents, product replacement documents, and product placement safety documents.

9. Any all documents between these defendants and any other defendants, corporation or entity concerning the layout of said area that injured Plaintiff for the previous three (3) years.

10. Any and all agreements between these defendants and any other defendants, corporation or entity concerning the maintenance, cleaning, sweeping, mopping or removing items from the floor of the premises and those similar to, the one(s) which injured Plaintiff.

11. Any and all incident reports filed by customers or employees in El Paso County for the previous five (5) years concerning the store where Plaintiff's incident happened.

12. Any documents containing the name, address and telephone number of each employee, agent or representative of Defendant on the area of the premises at the time of the occurrence made the subject of this suit.

13. All maintenance records and reports concerning the location made the subject of this suit.

14. All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the premises conditions, building code violations, health department violations and citations, OSHA notices, safety violations and other condition or improvements for this facility.

EXHIBIT A

15. All management contracts and maintenance agreements for the area made the subject of this suit.

16. The Declaration Sheet and policy of insurance insuring Defendant in this claim.

17. All statements made by Plaintiff.

18. All estimates, work orders, invoices, contracts, inspection reports and pictures of the site of this incident on Defendant's premises made the subject of this suit.

19. The accident report made by Plaintiff.

20. All investigation reports, incident reports, accident reports, statements and any witnesses concerning where it was alleged that any person, employee, customer, or vendor was injured. Claims against this Defendant in El Paso, Texas. For each claim against you where it was alleged that someone was injured on your premises, please provide:

   a. Copy of all incident reports, accident reports and investigative files.
   b. Copies of all pleadings, judgments and settlements thereon.
   c. Any documents which reflect the name and address of the Plaintiff.
   d. Any documents which reflect the date of the lawsuits.
   e. Any documents which reflect the style and location of the lawsuit.
   f. Any documents which reflect the name and address of Plaintiff's attorney.
   g. Any documents which reflect the nature of Plaintiff's injuries.

21. Any documents showing the names, addresses and telephone numbers of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit. This includes investigators and insurance adjusters who have taken statements or photographs or other action in this case.

22. Any documents showing the names, addresses, qualifications and telephone numbers of all expert witnesses who you will call to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

23. Any manual, procedure or brochure concerning inspection or maintenance of the area.

24. Any rule, regulation, policy or manual concerning the area.

25. The daily work record of persons responsible for maintenance of the area.

EXHIBIT A

26. Any tests or studies done by Defendant on safety of the area or slip and falls.

27. All medical records of Plaintiff received by Defendant.

28. Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

   **PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

29. Any deposition transcripts, trial transcripts or other recorded testimony of witnesses, listed by Plaintiff.

30. Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendant is hereby requested to be produced in the specific form of printed material, pursuant to Texas Rules of Civil Procedure 196.4.

31. All correspondences sent by Defendant and their representatives to Plaintiff's health care providers.

32. All correspondence sent by Defendant and their representatives to Plaintiff's past employers.

33. All written information and correspondences from Plaintiff's healthcare provider.

34. All written information and correspondences from Plaintiff's past.

EXHIBIT A

Filed 10/4/2019 3:34 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3380

IN THE COUNTY COURT AT LAW NUMBER THREE
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| PEDRO BETANCOURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. 2019DCV3380** |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** WALMART STORES TEXAS, LLC. ("Defendant"), the defendant in the above-entitled and captioned cause and timely files its Original Answer to Plaintiff's Original Petition, and by its Original Answer, would respectfully show the Court as follows:

**I.**

Pursuant to Texas Rules of Civil Procedure 92, Defendant enters a General Denial Answer and places all of the matters pled by Plaintiff in this case in issue, demanding strict proof of all of Plaintiff's allegations made herein by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that it be allowed to go hence, without delay, and with its costs.

**EXHIBIT A**

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ___*/s/ Laura Enriquez*_____
   **Laura Enriquez**
   State Bar No. 00795790

Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 4th day of October 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Daisy Chaparro
Flores, Tawney & Acosta P.C.
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
(915) 308-1000

   ___*/s/ Laura Enriquez*_____
   Laura Enriquez

**EXHIBIT A**

El Paso County - County Court at Law 3

Filed 10/4/2019 3:34 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3380

IN THE COUNTY COURT AT LAW NUMBER THREE
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| PEDRO BETANCOURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. 2019DCV3380** |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE</u>**

**COMES NOW** Defendant WALMART STORES TEXAS, LLC., having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ___*/s/ Laura Enriquez*_____
**Laura Enriquez**
State Bar No. 00795790

Attorneys for Defendant

14475-482/1477715

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 4TH day of October 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Daisy Chaparro
Flores, Tawney & Acosta P.C.
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
(915) 308-1000

*/s/ Laura Enriquez*
Laura Enriquez

**EXHIBIT A**